**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IMHOTEP MUHAMMAD,     :
  Plaintiff        :
             : CASE NO: 1:24-cv-2228
  v.           :
             : *Electronically Filed*
JOHN DOE,        :
D/B/A DON TOWING     :
  Defendant      : JURY TRIAL DEMANDED

## BRIEF IN SUPPORT OF DEFENDANT DON'S & SON'S TOWING & BODY SHOP[1] MOTION TO DISMISS

Defendant Don's & Son's Towing & Body Shop files this brief in support of its Motion to Dismiss. Plaintiff Imhotep Muhammad is an individual acting pro se. Plaintiff filed a civil complaint in the United States District Court for the Middle District of Pennsylvania on December 23, 2024. (ECF No. 1.)

### I. Facts Alleged

The Complaint alleges as follows:

Plaintiff was arrested by Pennsylvania State Troopers on May 13, 2021. (*Id.* ¶ 7.) Following Plaintiff's arrest, Don's & Son's Towing & Body Shop, at the request of Pennsylvania State Troopers, towed Plaintiff's vehicle. (*Id.* ¶ 8.) According to the Complaint, Plaintiff's arrest was unlawful and in violation of his constitutional

---

[1] The Complaint identifies defendant as John Doe, doing business as Don Towing. Defendant business in fact operates under the name of Don's & Son's Towing & Body Shop. This Brief refers to Defendant by its true operating name.

rights, and Don's & Son's Towing & Body Shop towed Plaintiff's vehicle without justification or legal authority.  (*Id.* ¶¶ 7-8.)  On May 17, 2021, Plaintiff attempted to retrieve his vehicle from Don's & Son's Towing & Body Shop.  (*Id.* ¶ 9.)  According to the Complaint, Don's & Son's Towing & Body Shop, in coordination with Pennsylvania State Troopers, "intentionally misled Plaintiff by providing false information about the vehicle's location, causing Plaintiff to endure undue stress and delay for several hours."  (*Id.* ¶ 10.)

Plaintiff alleges in Count 1 of the Complaint that Don's & Son's Towing & Body Shop violated Plaintiff's rights to "be free from unreasonable seizures" and "to due process" under the Fourth and Fourteenth Amendments to the United States Constitution.  (*Id.* at Count 1.)  Plaintiff asserts a claim under 42 U.S.C. § 1983 related to the alleged violations of the United States Constitution.  Plaintiff additionally alleges in Counts 2-5 of the Complaint that Don's & Son's Towing & Body Shop negligently failed to "properly safeguard and accurately inform Plaintiff about his vehicle's location;" "wrongfully took possession of Plaintiff's vehicle;" provided deliberate misinformation to Plaintiff causing "emotional distress, including frustration, anxiety, and humiliation;" and "knowingly provided false information to Plaintiff with the intent to mislead and cause harm." (*Id.* at Count 2-5.)

## II.    QUESTION PRESENTED.

1. Whether the Complaint is barred by the applicable two-year statute of limitations.

    *Suggested Answer*:  Yes.

2. Whether the Complaint states a claim for which relief may be granted when, at all times relevant, Don's & Son's Towing & Body Shop operated as a private towing company.

    *Suggested Answer*:  No.

3. Whether this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiff's state-law claims

    *Suggested Answer*:  No.

## III.    STANDARD AND SCOPE OF REVIEW

This Court's review of a motion to dismiss is generally limited to the allegations in the complaint and documents attached thereto.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court conducts a two-part analysis:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).)  The movant bears the burden of showing that

no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## IV.    ARGUMENT

### A.    The Complaint is outside the applicable two-year statute of limitations.

Plaintiff's claim must fail because it was filed long after the applicable statute of limitations had run.  "The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. C.S. § 5524(2) (internal citations omitted)); *see also*, 42 Pa. C.S. § 5524(7) (establishing two-year statute of limitations for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct.")  The cause of action begins to run when the plaintiff knew or should have known of the injury upon which its action is based.  *Id.*

The harm alleged in Counts 1-5 of the Complaint was allegedly inflicted by the towing of Plaintiff's vehicle by Don's & Son's Towing & Body Shop on May 13, 2021.  Plaintiff also alleges additional harm was inflicted upon him by Don's & Son's Towing & Body Shop's alleged coordinated effort with Pennsylvania State Troopers to provide false information to Plaintiff and intentionally mislead him as to the location of his vehicle on May 17, 2021.  Plaintiff was clearly aware of the alleged

4

harm in 2021 and at all times thereafter.  There is no excuse for Plaintiff to wait nearly four years to file the instant action on December 23, 2024, and his claim should be dismissed for failure to comply with the applicable statute of limitations.

### B.  Defendant Don's & Son's Towing & Body Shop was not acting under color of state law.

To the extent that the Court finds Plaintiff's complaint to be timely, Plaintiff in any case fails to state a claim under § 1983 because, at all times relevant to the Complaint, Don's & Son's Towing & Body Shop was not acting under color of state law.  In order to state a § 1983 claim, a plaintiff must allege that he or she was deprived of a federally protected right by a person who was acting under color of state law.  *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983).

The Complaint alleges that Don's & Son's Towing & Body Shop acted to tow Plaintiff's vehicle upon request from Pennsylvania State Troopers when it allegedly deprived Plaintiff of his rights.  However, only "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of state law.'"  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  While a private party may act under color of state law when it deprives another of his or her property by "invoking the aid of state officials to take advantage of state-created attachment procedures," *Lugar*, 457 U.S. at 942, a private corporation does not act under color of state law merely because it performs

some work by request of state actors.  The United States Supreme Court has expressly stated that "[a]cts of such private contractors [whose business depends primarily on contracts to perform public works] do not become acts of the government by reason of their significant or even total engagement in performing public contracts."  Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982).

Indeed, this Court has previously concluded in a similar case that Don's & Son's Towing & Body Shop is not a state agency and is in fact a private corporation. *Laganella v. Don's & Son's Towing & Body Shop*, 2011 WL 7063643 at *19 (M.D. Pa. Oct. 11, 2011) *report and recommendation adopted* 2012 WL 162288 (M.D. Pa. Jan. 19, 2012).  In *Laganella*, as in this case, the plaintiff, proceeding *pro se*, alleged in relevant part that following his allegedly illegal arrest, Defendant Don's & Son's Towing & Body Shop was contacted by police to tow and store the plaintiff's vehicle, depriving the plaintiff of access to and control over his property. *Id.* at *17-18.  Because the plaintiff proceeded *pro se*, the Court ultimately "screened" the complaint pursuant to 28 U.S.C. § 1915(e) and, finding that Don's & Son's Towing & Body Shop "are not proper Defendants under § 1983," dismissed the complaint with prejudice for failing to state a claim upon which relief could be granted. *Id.* at *19; 2012 WL 162288 at *2.

Because Don's & Son's Towing & Body Shop was acting in a private function at all times relevant to the Complaint, it cannot be liable for a claim under § 1983 and Plaintiff failed to state a claim for which relief may be granted.

### C. This Court does not have jurisdiction over Plaintiff's state law claims.

Under 28 U.S.C. § 1367, federal district courts may exercise supplemental jurisdiction over state-law claims "that are so related to [federal] claims in the action . . . that they form part of the same case or controversy." However, as the United States Supreme Court recently clarified, when a federal court's original jurisdiction is based on the existence of federal-law claims and the federal law claims are subsequently excised, "the federal court loses its supplemental jurisdiction over the related state-law claims." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025). As Plaintiff's federal law claims are both barred by the statute of limitations and meritless in any case, Plaintiff is unable to present a federal-law claim in this Court upon which this Court may base supplemental jurisdiction over Plaintiff's state-law claims. This Court should therefore dismiss Plaintiff's state-law claims for lack of subject matter jurisdiction.

## V.    CONCLUSION

For the reasons stated above, Defendant Don's & Son's Towing & Body Shop, respectfully, requests that the Court grant its Motion to Dismiss and dismiss the claims against Don's & Son's Towing & Body Shop with prejudice.

Respectfully Submitted,


Dated:  February 27, 2025

_/s/Zachary A. Toland_
Zachary A. Toland, Esquire
PA I.D. #332543
Scott P. Stedjan, Esquire
PA I.D. #318851
KILLIAN & GEPHART, LLP
218 Pine Street
Harrisburg, PA  17101
TEL: (717) 232-1851
FAX: (717) 238-0592
ztoland@killiangephart.com
sstedjan@killiangephart.com
*Counsel for Defendant Don's & Son's*
*Towing & Body Shop*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing was served upon the registered parties via the Court's ECF Filing System, and on the Plaintiff at the address below, in the manner indicated:

**Via USPS First Class Mail:**
Imhotep Muhammad
2140 N 7th Street
Harrisburg, PA 17110

Dated:  February 27, 2025            _/s/ Zachary A. Toland_
                        Zachary A. Toland, Esq.
                        KILLIAN & GEPHART
                        218 Pine Street
                        Harrisburg, PA 17101