1

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Imhotep Abdullah Muhammad  :  CIV No: 1: 24-cv-2228

PLAINTIFF  :  (Magistrate Judge Arbuckle)

V

John Doe, Dons Towing

DEFENDENTS

FILED
HARRISBURG, PA

MAR 0 4 2025

PER _____
DEPUTY CLERK

**PLAINTIFF'S RESPONSE BRIEF TO DEFENDANTS' ANSWERS AND MOTIONS TO DISMISS**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Imhotep Muhammad, by and through the undersigned, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss and avers as follows:

## I. INTRODUCTION

Defendants move to dismiss this action on three grounds: (1) the alleged expiration of the statute of limitations, (2) the claim that Defendant Don's Towing and Body Shop is a private entity not subject to liability under 42 U.S.C. § 1983, and (3) the assertion that this Court lacks supplemental jurisdiction over Plaintiff's state law claims. Each of these arguments is legally insufficient and should be rejected.

## II. ARGUMENT

### A. Plaintiff's Claims Are Not Barred by the Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations applicable to 42 U.S.C. § 1983 claims in Pennsylvania. However, this argument is flawed because the statute of limitations is subject to tolling doctrines, including the discovery rule, the continuing violation doctrine, and fraudulent concealment.

1. **Discovery Rule:** The statute of limitations does not begin to run until a plaintiff knows or reasonably should have known of the injury. Plaintiff was actively misled by both Defendants and state troopers regarding the

3

location of his vehicle, preventing him from asserting his rights in a timely manner. (*Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

2. **Continuing Violation Doctrine:** If a defendant's unlawful conduct is ongoing, the statute of limitations does not begin to run until the final act of misconduct occurs. The withholding of Plaintiff's vehicle and the misleading statements regarding its whereabouts constitute a continuous violation (*Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)).

3. **Fraudulent Concealment:** Where a defendant engages in fraudulent concealment of critical facts, the statute of limitations is tolled. Defendants' deception regarding the location of Plaintiff's vehicle constitutes fraudulent concealment (*Gabelli v. SEC*, 568 U.S. 442, 449 (2013)).

Thus, Plaintiff's claims are timely under applicable legal doctrines.

**B. Don's Towing Acted Under Color of State Law**

Defendants argue that Don's Towing and Body Shop is a private entity and therefore cannot be held liable under § 1983. This assertion is incorrect because a private entity that acts in concert with law enforcement is considered a state actor.

4

1. **Joint Action Doctrine:** A private entity can be held liable under § 1983 if it acts jointly with state officials (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)). Here, Don's Towing removed Plaintiff's vehicle at the direction of Pennsylvania state troopers, making it a state actor for purposes of liability.

2. **State Compulsion Test:** A private party performing a function traditionally exclusive to the state—such as impounding vehicles at police direction—is liable under § 1983 (*West v. Atkins*, 487 U.S. 42, 49 (1988)).

3. **Cases Supporting Private Towing Liability:** The Third Circuit has ruled that towing companies acting under police instruction are subject to § 1983 liability (*Cruz v. City af Camden*, 898 F. Supp. 1100, 1107 (D.N.J. 1995)). Similarly, in *Brooks v. George County*, 84 F.3d 157, 168 (5th Cir. 1996), a tow company acting under police orders was found liable under § 1983.

Thus, Don's Towing was not acting as a private actor but rather as an instrument of the state.

**C. This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims**

Defendants argue that the Court lacks jurisdiction over Plaintiff's state law claims. However, supplemental jurisdiction is proper under 28 U.S.C. § 1367.

5

1. **Federal and State Claims Derive from a Common Nucleus of Operative Fact:** Federal courts must exercise supplemental jurisdiction over state law claims arising from the same facts as the federal claims (*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

2. **Supplemental Jurisdiction Should Not Be Declined Unless Federal Claims Are Dismissed:** Dismissal of supplemental claims is only proper when all federal claims are dismissed at an early stage (*Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

Since Plaintiff's federal claims remain, this Court has jurisdiction over the related state law claims, including trespass to chattels, conversion, and unlawful detention of property.

For federal civil rights lawsuits under **42 U.S.C. § 1983**, the statute of limitations is typically **borrowed from the state's personal injury statute of limitations**.

**Federal Time Limit for Your Case:**

- **Pennsylvania's personal injury statute of limitations is two years (42 Pa. C.S. § 5524).**

- **This means § 1983 claims in Pennsylvania also have a two-year filing deadline.**

However, the **federal "accrual rule"** determines when the clock starts. A claim **accrues when the plaintiff knows or has reason to know of the injury** that forms the basis of the lawsuit (**Wallace v. Kato, 549 U.S. 384 (2007)**).

**Possible Arguments Against Dismissal for Timeliness:**

1. **Discovery Rule** – If the plaintiff did not immediately know about the injury or the constitutional violation, the statute of limitations may be tolled (**Rotella v. Wood, 528 U.S. 549 (2000)**).

2. **Ongoing Violations Doctrine** – If the harm continued (e.g., obstruction in retrieving the vehicle, denial of property rights), the statute may extend (**Heck v. Humphrey, 512 U.S. 477 (1994)**).

3. **Equitable Tolling** – If the plaintiff was prevented from filing due to extraordinary circumstances, tolling might apply (**Lake v. Arnold, 232 F.3d 360 (3d Cir. 2000)**).

4. The Plaintiff was also unaware of the actions of the towing company was unconstitutional at the time of the violation. The Plaintiff has recently

become aware of such violation in Nov-Dec of 2024, which is why the defendant filed around that time.

5. The complaint does state claims to which relief maybe granted, however, the fact that Don's & Son's Towing & Body Shop is a private towing company they maybe still held liable in acting on the state police illegal actions and orders. The federal claims would be sufficed, which also allows for the Jurisdiction under 28 U.S.C section 1367 (a) for federal claims and court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety and allow the case to proceed to discovery.

Dated: [3/4/2025]

Respectfully submitted,

**Imhotep Muhammad**

8

Plaintiff, Pro Se

[2140 N 7th.]

[Harrisburg, PA 17110]

[717-562-6375]

[Imhotep756@gmail.com]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all Defendants or their counsel of record via [method of service, e.g., electronic filing, mail] on this [    ].

**Imhotep Muhammad**

*/s/ Imhotep Muhammad*