UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMHOTEP MUHAMMAD,  Plaintiff | : :  : CASE NO: 1:24-cv-2228 |
| v. | : : *Electronically Filed* |
| JOHN DOE, D/B/A DON TOWING[1]  Defendant | : : : JURY TRIAL DEMANDED : : |

# DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS[2]

Defendant Don's & Son's Towing & Body Shop ("Don's Towing"), by and through counsel Killian & Gephart LLP, files this Reply to Plaintiff's Brief in Response to Defendant's Motion to Dismiss.

## I.   Introduction

Defendant writes the within Reply Brief to address the arguments raised by Plaintiff in his response to Defendant's Motion to Dismiss.

---

[1] The Complaint identifies defendant as John Doe, doing business as Don Towing. Defendant business in fact operates under the name of Don's & Son's Towing & Body Shop. This Brief refers to Defendant by its true operating name, or as Defendant.

[2] Plaintiff filed several documents with the Court seemingly in response to Defendant's Motion to Dismiss. (ECF No. 14-19). Defendant here responds to "Plaintiff's Response Brief to Defendants' Motions to Dismiss" as the only document submitted by Plaintiff that is compliant with the Rules of Civil Procedure. (ECF No. 19)

## II. Plaintiff's Arguments

### a. Statute of Limitations

Plaintiff argues that he was harmed by Defendant's actions which took place on May 13, 2021, and May 17, 2021. However, Plaintiff filed the Complaint in this matter on December 23, 2024, three years, seven months, and six days after the latest harm he allegedly suffered, and well outside the two-year statute of limitations for a § 1983 claim arising in Pennsylvania. (*See* ECF No. 12 ¶ 7a; ECF 13 at 4) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. C.S. § 5524). Plaintiff's arguments against application of the statute of limitations are as follows: (1) the "discovery rule" tolls the statute of limitations until a plaintiff knows or reasonably should have known of the injury; (2) under the "continuing violation doctrine" the statute of limitations does not begin to run until the final act of misconduct occurs; and (3) when a defendant fraudulently conceals critical facts related to a cause of action, the statute of limitations is tolled. (ECF No. 19 at 2-3).

None of Plaintiff's arguments hold water. Plaintiff does not assert that he was or reasonably could have been unaware of the alleged injury at the time it occurred, May 13 and 17, 2021, nor that the alleged injury continued to be inflicted beyond May 17, 2021. Indeed, to the extent Plaintiff avers that any relevant information was concealed from him, or that he was otherwise delayed in discovering the alleged injury, he avers only that Defendant misled him for "several hours" as to the location

of his vehicle on May 17, 2021. (ECF No. 1 ¶ 10). Even if such an allegation were sufficient to support an exception to the statute of limitations, it would justify a tolling of "several hours," not over a year-and-a-half. Consequently, Plaintiff's arguments against applying the statute of limitations are without merit and this Court should find that the Complaint was time-barred.

    b. **Color of State Law**

By way of response, Defendant incorporates the arguments made in its Brief in Support of its Motion to Dismiss submitted before this Court on February 27, 2025. (ECF No. 13). By way of further response, Defendant would note that the two cases Plaintiff cites in his response to Defendant's Motion to Dismiss as "rul[ing] that towing companies acting under police instruction are subject to § 1983 liability," not only made no such ruling, but did not involve towing companies. (ECF No. 19 at 4).

### III.   CONCLUSION

For the reasons stated above, Defendant Don's & Son's Towing & Body Shop, respectfully requests that the Court grant its Motion to Dismiss and dismiss the claims against Don's & Son's Towing & Body Shop with prejudice.

                                          Respectfully Submitted,

Dated: March 17, 2025                        */s/   Zachary A. Toland*

                                Zachary A. Toland, Esquire
                                PA I.D. #332543
                                Scott P. Stedjan, Esquire
                                PA I.D. #318851
                                KILLIAN & GEPHART, LLP
                                218 Pine Street
                                Harrisburg, PA  17101
                                TEL: (717) 232-1851
                                FAX: (717) 238-0592
                                ztoland@killiangephart.com
                                sstedjan@killiangephart.com
                                *Counsel for Defendant Don's & Son's*
                                *Towing & Body Shop*

## **CERFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing was served upon the registered parties via the Court's ECF Filing System, and on the Plaintiff at the address below, in the manner indicated:

**Via USPS First Class Mail:**
Imhotep Muhammad
2140 N 7th Street
Harrisburg, PA 17110

Dated:  March 17, 2025              */s/ Zachary A Toland*
                                    Zachary A. Toland, Esq.
                                    KILLIAN & GEPHART
                                    218 Pine Street
                                    Harrisburg, PA 17101