**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Imhotep Abdullah Muhammad | : | CIV No: 1: 24-cv-2228 |
| PLAINTIFF | : | (Magistrate Judge Arbuckle) |
| | : | |
| | : | |
| | : | |
| V | | |
| John Doe, Dons Towing | | |
| DEFENDENTS | | |

FILED
HARRISBURG, PA
MAR 20 2025
PER ______
DEPUTY CLERK

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT RESPONSE FOR MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Imhotep Muhammad submits this Memorandum of Law in opposition to Defendant's Motion to Dismiss. Defendant attempts to dismiss the complaint by arguing (1) the two-year statute of limitations bars the claims, (2) Don's Towing is

a private entity and not subject to 42 U.S.C. § 1983 liability, and (3) the court lacks supplemental jurisdiction over state law claims. Each of Defendant's arguments is flawed and unsupported by controlling law.

## II. ARGUMENT

### A. The Complaint Is Not Barred by the Statute of Limitations

Defendant claims the action is time-barred by Pennsylvania's two-year statute of limitations. This argument fails because the doctrines of equitable tolling, fraudulent concealment, and the continuing violation doctrine apply.

1. Equitable Tolling

Equitable tolling suspends the statute of limitations when a plaintiff, despite due diligence, cannot reasonably discover the injury or when extraordinary circumstances prevent filing. In *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), the court held that equitable tolling applies where the defendant's wrongful conduct prevents the plaintiff from knowing of the claim. Here, Defendant and state troopers misled Plaintiff regarding his vehicle's location, actively preventing him from pursuing legal remedies.

2. Fraudulent Concealment

The doctrine of fraudulent concealment tolls the statute when a defendant engages in intentional misrepresentation or concealment. *Bailey v. Tucker*, 533 Pa. 237, 248, 621 A.2d 108 (1993), supports tolling where a defendant hides crucial facts. Defendant's misdirection regarding the vehicle's location constitutes active concealment, delaying Plaintiff's ability to act.

3. Continuing Violation Doctrine

The continuing violation doctrine tolls the statute when the wrongful conduct is ongoing. *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001), held that where harm continues over time, the clock does not start until the last act. Plaintiff endured continued harm through May 17th, 2021, as Defendant perpetuated the injury by misleading him for hours.

**B. Don's Towing Acted Under Color of State Law**

Defendant argues Don's Towing is a private entity, immune from § 1983 liability. This misinterprets the law. Private parties may act under color of state law when they collaborate with law enforcement, as established in *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Towing at the direction of state troopers constitutes joint action, meeting the "color of state law" requirement. *Cruz v. Donnelly*, 727 F.2d

79, 81 (3d Cir. 1984), confirms that private entities working with police are state actors.

Moreover, *Lugor v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), ruled that private parties who invoke state power — as Defendant did by towing the car at troopers' request — are subject to § 1983 liability.

**C. The Court Retains Supplemental Jurisdiction Over State Law Claims**

Defendant wrongly asserts that the court cannot exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(a), courts retain jurisdiction over state claims sharing a "common nucleus of operative fact" with federal claims. Here, state claims (conversion, trespass to chattels, negligence) arise from the same facts as the § 1983 claim — the unlawful towing. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), supports maintaining state claims alongside federal ones when they derive from a common event.

**D. Plaintiff's Claims Are Well-Pleaded and Warrant Relief**

Federal pleading standards require a plausible claim, not absolute proof. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), require enough factual matter to state a claim for relief. Plaintiff

sufficiently alleges an unlawful seizure under the Fourth and Fourteenth Amendments and supporting state claims, surpassing this standard.

The defendant is trying to undermine the § 1983 claim by arguing the cases you cited don't apply to towing companies specifically. Let's counter that with stronger, more on-point case law showing that private companies acting on police instructions **can** face § 1983 liability. The defendant's argument lacks merit especially do to the fact Don towing in fact act off the orders of Pennsylvania state police on May 13th of 2021. Plaintiff holds the fact of evidence and a witness to support the claims.

- **Equitable Tolling** — We argue that the Defendants' misconduct (misleading Plaintiff for hours) prevented timely filing, which qualifies as extraordinary circumstances beyond Plaintiff's control.
- Case law: *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994) supports tolling when the Defendant actively misleads the Plaintiff.
- **Fraudulent Concealment** — They admitted the Defendant misled Plaintiff about the car's location. That is concealment of a critical fact, which tolls the statute of limitations.

- Case law: *Gabauer v. Woodcock*, 594 F.2d 662 (8th Cir. 1979) supports that deliberate misinformation can toll limitations.
- **Discovery Rule** — ~~We~~ Plaintiff flip their argument by stating the clock should start when Plaintiff reasonably discovered the full extent of his injury — which wasn't immediately clear due to Defendant's deception.
- Case law: *Fine v. Checcio*, 870 A.2d 850 (Pa. 2005) supports tolling when the injury isn't immediately recognizable.
- **Continuing Violation Doctrine** — If the harm (e.g., withheld vehicle) persisted, the violation continued.
- Case law: *Cowell v. Palmer Twp.*, 263 F.3d 286 (3d Cir. 2001) recognizes continuing violations for persistent harm.
- ***Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)** — The Supreme Court ruled that a private party can be deemed a state actor when they engage in conduct with significant state involvement, like towing on police orders.
- ***Dennis v. Sparks*, 449 U.S. 24 (1980)** — A private company acting jointly with state officials is treated as acting under color of state law for § 1983 purposes.

- ***Cruz v. Donnelly*, 727 F.2d 79 (3d Cir. 1984)** — In the Third Circuit, private actors who conspire with police or act under their guidance are considered state actors.
- **Statute of Limitations Defense**
- Plaintiff asserts with **equitable tolling** and **fraudulent concealment** arguments.
- Cited **Oshiver v. Levin, Fishbein, Sedran & Berman**, 38 F.3d 1380 (3d Cir. 1994) — showing that the clock doesn't start until the plaintiff knows or reasonably should have known they were injured.
- Highlighted that Don's Towing misled the plaintiff for hours about the vehicle's location, which delayed discovery of the full harm — supporting tolling.
- Brought in **Bailey v. Glover**, 88 U.S. 342 (1875), reinforcing that fraudulent concealment tolls the statute until the plaintiff, despite due diligence, discovers the facts.
- **"Color of State Law" Argument**
- Defendant tried to dodge this by claiming they're a private company — but we countered hard:

- **Lugar v. Edmondson Oil Co.**, 457 U.S. 922 (1982): When private entities collaborate with state actors (troopers requesting the tow), they're acting "under color of state law" and can be held liable under § 1983.
- **Dennis v. Sparks**, 449 U.S. 24 (1980): Even private parties who conspire with state officials are liable under § 1983.
- Argued that Don's Towing was an essential part of the state action — no tow happens without the state troopers' order.
- **Supplemental Jurisdiction**
- Defendant argued no supplemental jurisdiction under **28 U.S.C. § 1367(a)** — but ~~we~~ plaintiff countered by reinforcing that the federal § 1983 claims remain viable, which keeps the state claims tied in.
- Cited **United Mine Workers v. Gibbs**, 383 U.S. 715 (1966), arguing that since the state claims share a "common nucleus of operative fact" with the federal claims, the court has jurisdiction.
- **Damages & Relief**
- Reiterated the extensive damages claim — compensatory, punitive, and injunctive relief — highlighting the ongoing emotional and financial impact.
- Pulled in **Smith v. Wade**, 461 U.S. 30 (1983), to back up punitive damages for reckless or callous disregard of rights.

**III. CONCLUSION**

Defendant's motion to dismiss relies on misinterpretations of law and fact. For the foregoing reasons, Defendant's motion to dismiss must be denied in its entirety. Plaintiff has demonstrated that equitable tolling and fraudulent concealment apply, preventing the statute of limitations from barring this action. Defendant's attempts to argue otherwise fail to acknowledge key facts showing how Plaintiff was misled and delayed from discovering the full extent of the injury.

Moreover, the argument that Defendant, a private towing company, is immune from § 1983 liability disregards well-established Supreme Court precedent holding that private entities acting jointly with state officials — as Defendant did — are indeed acting under color of state law. The facts presented, paired with supporting case law, establish that Defendant's conduct is inseparably linked to state action. The plaintiff suffered damages and violations from the actions of Don towing as mentioned on the complaint.

Finally, the court retains supplemental jurisdiction over Plaintiff's state law claims under **28 U.S.C. § 1367(a)**, as they arise from the same common nucleus of operative fact as the federal claims, ensuring judicial economy and consistency.

Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss, allowing the case to proceed to discovery and trial, where the full extent of Defendant's misconduct can be properly adjudicated.

Plaintiff respectfully requests that this Court deny the motion in its entirety, allowing the case to proceed to discovery and trial.

Respectfully submitted,

Dated: [3/4/2025]

**Imhotep Muhammad**

Plaintiff, Pro Se

[2140 N 7th.]

[Harrisburg, PA 17110]

[717-562-6375]

[Imhotep756@gmail.com]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all Defendants or their counsel of record via [method of service, e.g., electronic filing, mail] on this [ ].

**Imhotep Muhammad**