**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IMHOTEP MUHAMMAD,** | : | No. 1:24-CV-2228 |
| | : | |
| **Plaintiff** | : | (Mehalchick, J.) |
| | : | |
| **v.** | : | (Caraballo, M.J.) |
| | : | |
| **JOHN DOE, d/b/a** | : | |
| **DON TOWING LLC** | : | |
| | : | |
| **Defendant** | : | |

**REPORT AND RECOMMENDATION**

## I.    Introduction

On December 23, 2024, plaintiff Imhotep A. Muhammad, proceeding pro se, initiated this action by filing a civil rights complaint against defendant John Doe d/b/a Don Towing ("Don's Towing").[1]  Doc. 1.  Muhammad's operative complaint avers that Don's Towing violated his constitutional rights by towing his vehicle on May 13, 2021.  Doc. 34-1 at 3.

The Court has federal question jurisdiction, pursuant to Title 28, United States Code, Section 1331.  Before the Court is defendant's

---

[1] As Don's Towing notes, its proper business operating name is Don's & Son's Towing & Body Shop.  Doc. 40 at 1, n. 1.

motion to dismiss the second amended complaint.  Doc. 40.  The motion

is briefed, and was referred to the undersigned to issue this Report and

Recommendation.

As set forth below, the statute of limitations elapsed prior to

Muhammad filing this federal action.  Moreover, Muhammad has not

plausibly alleged that Don's Towing is a state actor liable under Title

42, United States Code, Section 1983.  Accordingly, the undersigned

recommends that the Court grant the motion to dismiss Muhammad's

second amended complaint with prejudice.

## II.    **Background**

Muhammad commenced this action against Don's Towing on

December 23, 2024, and was afforded leave to proceed in forma

pauperis.  Docs. 1, 7.  Don's Towing moved to dismiss the complaint on

statute of limitations grounds and, in relevant part, for failing to allege

that it acted under color of state law for purposes of Section 1983

liability.  Docs. 12–13.  Muhammad subsequently filed two motions

seeking to proceed in this action despite any barriers raised by the

statute of limitations. Docs. 14–17.

On May 28, 2025, before the motions were adjudicated, Muhammad filed a proposed amended complaint that omitted Don's Towing as a defendant and asserted claims under Section 1983 and the Federal Tort Claims Act against 21 new defendants.  Doc. 24.  The Court afforded Muhammad leave to file that amended complaint, and dismissed all pending motions as moot, without ruling on their respective merits.  Doc. 25.  Following several missives from Muhammad and a conference held with all parties, the Court determined that Muhammad erroneously filed his amended complaint in this action, instead of a separate action lodged in this district.  Docs. 27–32; *see also Muhammad v. Cummings et al.*, No. 1:24-CV-1994. Accordingly, the Court afforded Muhammad leave to file a motion to amend his complaint.  Doc. 33.

On September 5, 2025, Muhammad filed a contested motion to amend his complaint with a pleading instrument that reasserted claims against Don's Towing.  Doc. 34.  In its opposition, Don's Towing revived its contentions that Muhammad's complaint was filed beyond the statute of limitations, and failed to allege that Don's Towing acted under color of state law, thus rendering an amended pleading futile.

Doc. 35. While noting that the "Don's Towing's arguments concerning futility are well taken," the Court nonetheless afforded Muhammad leave to amend as a pro se litigant. Doc. 38 at 4. The Court specifically advised that "nothing in this Order should be construed to impede the defendant's ability to re-assert its contentions in future dispositive motion practice." *Id.* at 4–5.

In his operative second amended complaint, Muhammad avers that, on May 13, 2021, his "lawfully parked vehicle was towed by John Doe Don's Towing LLC at the direction of [Pennsylvania state police] without a warrant, probable cause, exigent circumstances, or due process." Doc. 34-1 at 3. He further alleges that he "was not issued a citation or provided notice prior to the towing, and the seizure was executed absent any judicial review." *Id.* Acknowledging that Don's Towing is a private towing company, Muhammad nonetheless claims that it "acted at the request and under the instruction of law enforcement officers, establishing a joint action between state actors and a private party." *Id.*

Although Muhammad does not detail whether he ultimately recovered his vehicle, he claims that when he attempted to retrieve his

4

vehicle, he "was met with excessive impound fees and was denied a hearing to challenge the tow, also mislead [sic] on the location of his vehicle for hours." *Id.* at 4.  According to Muhammad, the towing resulted in "financial loss, mental distress, and disruption to his daily life," warranting a combined $1 million in compensatory and punitive damages, declaratory and injunctive relief, and costs and attorney's fees.[2]  *Id.* at 3, 8.  He asserts seven claims under Section 1983 for violations of his constitutional rights under the Fourth and Fourteenth Amendments, for unlawful seizure, due process, and equal protection; civil rights conspiracy; and municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Doc. 34-1 at 4–8.

On December 22, 2025, Don's Towing filed a timely motion to dismiss the second amended complaint, positing again that Muhammad commenced this action beyond the statute of limitations, and failed to allege that Don's Towing acted under color of state law.  Docs. 40–41.  Muhammad filed a brief in opposition, Doc. 43, that did not trigger any reply.  Accordingly, the motion is ripe for decision.[3]

[2] The undersigned notes that pro se litigants cannot recover attorney's fees, in any event.  *See Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982).

[3] Before Don's Towing moved to dismiss the second amended complaint, Muhammad moved to file a third amended complaint.  Doc. 39.  As set forth in an

## III.  Discussion

### A.    Legal Standard

Upon motion of a party, a court may dismiss a complaint for its "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Plausibility in this context means neither possibility nor probability.  *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 177 (3d Cir. 2019).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Connelly*, 809 F.3d at 786 (quotation omitted) (first citing

---

order denying that motion, the proposed third amended complaint is substantively identical to the second amended complaint, and does not alter the recommendation set forth herein.  *See* Doc. 45.

*Iqbal*, 556 U.S. at 678; and then citing *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

The Court of Appeals uses a three-step inquiry in determining a complaint's sufficiency under Rule 12(b)(6). *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *see, e.g., Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022); *Connelly*, 809 F.3d at 787. First, the reviewing court "tak[es] note of the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). The second phase is to "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (first quoting *Iqbal*, 556 U.S. at 679; and then citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This last step is done "in the light most favorable to [the plaintiff]." *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228, 230 (3d Cir. 2008)).

"If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Lutz*, 49 F.4th at 328 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2009)).

If "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Bell*, 550 U.S. at 556). That is, "[c]onclusory allegations of liability are insufficient." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). "Evaluating a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bookwalter*, 946 F.3d at 177 (quoting *Iqbal*, 556 U.S. at 679).

Further, "[c]omplaints filed by *pro se* litigants . . . are liberally construed, but must still 'allege sufficient facts . . . to support a claim.'" *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); and then quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation

omitted)).  As the Court of Appeals has repeatedly explained, pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45).

### B.    Statute of Limitations for Section 1983 Claims

Don's Towing contends that, because Muhammad filed his federal complaint over two years after it became actionable, his Section 1983 claims are barred by the statute of limitations.  Doc. 41 at 4–5.  In response, Muhammad appears to aver that the statute of limitations does not apply because the Court granted his motion to file a second amended complaint.  Doc. 43 at 2.  That procedural decision, however, did not foreclose a statute of limitations defense, and the undersigned accordingly recommends dismissing the second amended complaint with prejudice.

The statute of limitations is an affirmative defense raised by a party in response to a pleading.  Fed. R. Civ. P. 8(c)(1).  Thus, by permitting Muhammad to file a second amended complaint, the Court did not proactively deprive Don's Towing of that affirmative defense.  Indeed, when granting Muhammad's motion to amend over the

defendant's opposition that the statute of limitations rendered amendment futile, the Court specifically noted that "nothing in this Order should be construed to impede the defendant's ability to re-assert its contentions in future dispositive motion practice." Doc. 38 at 4–5.

The statute of limitations defense is thus now ripe for adjudication. As explained by the Court of Appeals:

> Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss. . . . In this circuit, however, we permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. . . . However, [i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citations and quotations omitted).

"When considering a civil rights claim, federal courts apply the relevant state's statute of limitations for personal injury actions." *Lomax v. Tennis*, 708 F. App'x 55, 57 (3d Cir. 2017) (citation omitted). In Pennsylvania, "[t]he statute of limitations applicable to § 1983 claims . . . is two years." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017)

(citing *Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985)); 42 Pa. Cons. Stat. § 5524.

By contrast, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). The "action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 391 (citation and quotation omitted). That is, under federal law, a "cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). Knowledge of an injury, actual or otherwise, is established through reference to "when the wrongful act or omission results in damages." *Dique v. N.J. State Police*, 603 F.3d 181, 185–86 (3d Cir. 2010) (citations and quotation omitted).

Here, the statute of limitations bar is apparent on the face of Muhammad's complaint, thus permitting adjudication of the defense on a Rule 12(b)(6) motion. Muhammad does not particularize the precise

11

theories or supporting allegations underlying his various Section 1983 claims under the Fourth and Fourteenth Amendments, and his civil rights conspiracy and *Monell* claims all appear premised on identical, albeit vague, alleged constitutional violations and factual circumstances. *See generally* Doc. 34-1. In sum, every claim advanced in the second amended complaint arises out of the defendant's towing of Muhammad's vehicle on May 13, 2021. *Id.*

For Section 1983 claims premised on unreasonable searches and seizures in violation of the Fourth Amendment, a claim begins to accrue "when the search and seizure occurred . . . ." *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam). Thus, construing the complaint liberally, Muhammad's Fourth Amendment claims are all tethered to the May 13, 2021, towing of his vehicle; a conclusion confirmed in the plain allegations of his individual claims. Doc. 34-1 at 3–8. As Muhammad acknowledges being aware his vehicle was towed within, at most, hours of it occurring, *id.* at 4, the corresponding statute of limitations began to accrue on approximately May 13, 2021, and elapsed no later than May 2023. This action, filed on December 23, 2024, is thus well beyond the two-year statute of limitations.

An identical analysis applies to Muhammad's Fourteenth Amendment substantive and procedural due process claims, both of which appear to be premised on the towing of his vehicle "without notice or opportunity to be heard." *Id.* at 5–6. His civil rights conspiracy and *Monell* liability claims, bereft of any detailed allegations, likewise posit an untoward agreement and custom or policy that ultimately triggered Muhammad's alleged injury—the May 13, 2021, towing of his vehicle. *Id.* at 6–7. Thus, under even the most liberal reading of the complaint, that statute of limitations for all claims expired in May 2023.

Accordingly, as Muhammad's Section 1983 claims are all precluded as time barred, the undersigned recommends dismissing them with prejudice.[4]

---

[4] Although Muhammad previously appeared to recognize that he filed this action beyond the applicable statute of limitations, and sought equitable tolling premised on delays in his ability to locate his vehicle, *see* Docs. 14–17, he does not raise that contention in opposition to the motion to dismiss. Moreover, any tolling exception to the statute of limitations premised on the discovery rule hinges on whether a plaintiff "is reasonably unaware that his or her injury has been caused by another party's conduct." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). Thus, any delay Muhammad encountered in locating his vehicle (which, according to him, lasted mere hours, Doc. 34-1 at 4) does not detract from his knowledge that it was towed—the core premise of his claimed injury.

## C.    Section 1983 Liability

Even if Muhammad filed this action within the statute of limitations, he would face the burden of pleading a viable Section 1983 claim against a private party.  Don's Towing contends that it cannot be held liable under Section 1983 because, as a private company, it did not act under color of state law when it towed Muhammad's vehicle.  Doc. 41 at 5–6.  Muhammad does not specifically refute or address this premise in his opposition, rendering the issue unopposed.  Regardless, as the second amended complaint does not advance an actionable Section 1983 claim against Don's Towing, dismissal is also warranted on this ground.

The Civil Rights Act of 1871 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 "is not a source of substantive rights but rather a mechanism to vindicate rights afforded by the Constitution or a federal statute."  *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d

14

Cir. 2016) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Thus, "the basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citations omitted).

As set forth in the plain language of the statute and interpretive precedent, a Section 1983 claim lies against a person acting under color of state law. Thus, the inquiry concerning Don's Towing's potential liability under Section 1983 turns on whether it can be deemed a state actor. "Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (citation omitted). There is no "simple line" distinguishing "state action" from "private conduct." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citations omitted). That determination hinges on "whether there is such a close nexus between the State and the challenged action that seemingly private behavior

may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation and quotation omitted).

A plaintiff may allege that nexus in one of three ways: (1) "the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "the private party has acted with the help of or in concert with state officials"; or (3) "the State has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142–43 (3d Cir. 1995) (cleaned up). Under each avenue, "[t]he inquiry is fact-specific." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citations omitted); *see also Crissman v. Dover Downs Ent. Inc.*, 289 F.3d 231, 234 (3d Cir. 2002) (en banc) ("the facts are crucial").

Although Don's Towing avers that "a private corporation does not act under color of state law merely because it performs some work by request of state actors," Doc. 41 at 5, the analysis is a bit more nuanced. Indeed, the fact-specific nature of that determination has yielded disparate conclusions in this district concerning the potential liability of towing companies under Section 1983. *Compare, e.g., Morrison v.*

16

*Hippensteel's Auto Recon*, 2026 WL 980034, at *4–5 (M.D. Pa. 2026) (finding no plausible or particular allegations that towing company qualified as a state actor when a state trooper directed it to tow a vehicle), *report and recommendation adopted*, 2026 WL 978958 (M.D. Pa. 2026); *Campbell v. Lowery*, 2023 WL 11983729, at *5–6 (M.D. Pa. 2023) (finding no plausible allegations under Section 1983 claim that towing company and its employee acted under color of state law when reporting discovery of narcotics in towed vehicle to the police), *report and recommendation adopted*, 2023 WL 11983730 (M.D. Pa. 2023); *Laganella v. Don's & Son's Towing & Body Shop*, 2011 WL 7063643, at *18–20 (M.D. Pa. 2011) (deeming allegations that towing company was "the contracted towing service for the City" but not that it "had a contract with the City" insufficient to allege state actor liability), *report and recommendation adopted*, 2012 WL 162288 (M.D. Pa. 2012); *Kasarda v. Kattner*, 2005 WL 1322765, at *2, 8–9 (M.D. Pa. 2005) (deeming towing company not a state actor when it towed vehicle at behest of state constable), *report and recommendation adopted*, No. 3:04-CV-2058 at Doc. 32 (M.D. Pa. 2005), *with Toyota Motor Credit Corp. v. Borough of Wyoming*, 2023 WL 7412941, at *1–2 (M.D. Pa.

17

2023) (finding plausible allegations that towing company was state actor when it regularly towed and stored vehicles seized by police free of charge, to collect fees from the vehicle owner or ultimately sell the vehicle); *Walker v. Wentz*, 2009 WL 700112, at *1 n.3 (M.D. Pa. 2009) (deeming allegations sufficient to allege action under state law when towing company was retained by city to remove impounded vehicles, and specifically instructed by police officers to tow defendant's vehicle); *Mays v. Scranton City Police Dep't*, 503 F. Supp. 1255, 1263–64 (M.D. Pa. 1980) (finding that tower acted under color of state law when acting pursuant to state law and police direction).

Here, Muhammad does not advance any particular allegations concerning a nexus between the state police and Don's Towing that plausibly casts it as a state actor subject to Section 1983 liability. Rather, as a factual matter, he alleges simply that Don's Towing towed his vehicle at the direction of the Pennsylvania State police which, according to Muhammad, evinces "joint action between state actors and a private party." Doc. 34-1 at 3. Elsewhere, he includes repeated averments that Don's Towing "acted under state law in concert with local law enforcement," "acted jointly with police," "entered into an

agreement with police officers to engage in unlawful towing practices," and maintained "a custom or policy of engaging in unlawful tows in cooperation with law enforcement." *Id.* at 2, 4–7.  Those conclusory statements, however, are bereft of any particularized allegations pleading a plausible claim that Don's Towing exercised a traditional government function, that it acted in concert with the state police, or that the two entities had a symbiotic interdependence.  *See Mark*, 51 F.3d at 1142–43.

Without further factual background, Muhammad does not assert a cognizable claim under Section 1983.  That failure exists despite being afforded an opportunity to amend his complaint after receiving notice of its pleading deficiencies through the defendant's initial motion to dismiss.  Accordingly, even absent the bar posed by the statute of limitations, the undersigned recommends dismissal of Muhammad's Section 1983 claims, for failure to state a claim upon which relief can be granted.

## IV.   <u>Recommendation</u>

For the reasons set forth above, it is **RECOMMENDED** that:

1.   The defendant's motion to dismiss (Doc. 40) be **GRANTED**, all claims be **DISMISSED WITH PREJUDICE**, and this action be **DISMISSED**; and

2.   The Clerk's Office be **DIRECTED** to **TERMINATE** John Doe, d/b/a Don Towing LLC as the defendant and **CLOSE** this case.

The parties are placed on notice that, pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge

20

may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3.  The failure to file timely objections to the foregoing

Report and Recommendation may constitute a waiver of any appellate

rights.  *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).


Date: June 1, 2026                    ***s/ Phillip J. Caraballo***
                                      Phillip J. Caraballo
                                      United States Magistrate Judge

21