**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IMHOTEP MUHAMMAD,

        Plaintiff,

    v.

JOHN DOE, d/b/a DON TOWING,

        Defendant.

CIVIL ACTION NO. 1:24-CV-02228

(MEHALCHICK, J.)

## ORDER

Plaintiff Imhotep Muhammad ("Muhammad") initiated this *pro se* action on December 23, 2024, by filing a complaint. (Doc. 1). On September 5, 2025, Muhammad filed the operative amended complaint alleging that Defendant John Doe d/b/a Don Towing ("Don's Towing") is liable for unconstitutionally towing Muhammad's vehicle on May 13, 2021. (Doc. 34-1). On December 22, 2025, Don's Towing filed a motion to dismiss for failure to state a claim. (Doc. 40). On June 1, 2026, Magistrate Judge Phillip J. Carballo issued a report and recommendation recommending that the Court grant Don's Towing's motion to dismiss because "the statute of limitations elapsed prior to Muhammad filing this federal action" and because "Muhammad has not plausibly alleged that Don's Towing is a state actor liable under Title 42, United States Code, Section 1983." (Doc. 46, at 2). Judge Caraballo further recommended that the Court dismiss this action with prejudice because Muhammad's claims are time-barred. (Doc. 46, at 13). In the report, Judge Caraballo advised Muhammad that he had fourteen days to object to the report and recommendation. (Doc. 46, at 20-21). Muhammad did not file a timely objection. The Court will **ADOPT** the report and

recommendation. (Doc. 46).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the magistrate judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The district court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 46). As such, Judge Caraballo's report and recommendation (Doc. 46) is adopted in its entirety as the decision of the Court. Don's Towing's motion to dismiss is **GRANTED** (Doc. 40), and the amended complaint is

dismissed with prejudice. (Doc. 34-1). The Clerk of Court is directed to close this matter.

BY THE COURT:

Dated: June 23, 2026

*/s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

3